SUMMONS ISSUED

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

12-1081

**DAVID FARHI,**

      **Plaintiff,**

**v.**

**PENTAGROUP FINANCIAL, L.L.C.**

      **Defendant.**

**Civil Action No. _____**

RECEIVED
MAR - 2 2012
PRO SE OFFICE

WEINSTEIN, J.

MANN. M.J.

## COMPLAINT

### (Jury Trial Demanded)

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

## JURISDICTION AND VENUE

2.    This Court exercises jurisdiction under 15 U.S.C. 1692k and 28 U.S.C. 1331. This District is of proper venue as Plaintiff is a resident within this District and Defendant engaged in collection efforts against Plaintiff while Plaintiff so resided.

## PARTIES

3.      Plaintiff, DAVID FARHI, is a natural person residing in Forrest Hills, New York.

Defendant, PENTAGROUP FINANCIAL, L.L.C., (hereinafter "Defendant") is a limited liability

company believed to maintain its principle place of business at 5959 Corporate Drive, Suite

14000 in Houston, Texas.

4.      Defendant regularly operates as a third-party debt collector and is a "debt

collector" as defined in 15 U.S.C. 1692a.

## FACTUAL ALLEGATIONS

5.      On or about February 15, 2011, Defendant began contacting Plaintiff David Farhi

by telephone in an attempt to collect an alleged consumer debt owed by Mr. Farhi.

6.      Defendant continued to call Mr. Farhi 3-5 times per day.  Defendant called Mr.

Farhi on his home phone 26-times between February 19 and March 8, 2011.  5-calls were

received on March 6, 2011 on his home phone alone.  Defendant also called Mr. Farhi's cell

phone multiple times per day.  Between his home and cell phones, Defendant called Mr. Farhi

over 100-times between February 15 and March 25, 2011.  Most of the calls were made with an

automated dialer/pre-recorded message for which Mr. Farhi was incapable of speaking with

Defendant.

7.      Mr. Farhi spoke with Defendant several times, advising them that he had paid the

alleged debt and that no legitimate balance was outstanding.  Defendant continued to call.  On or

about March 7, 2011, Mr. Farhi began once again to explain the situation to one of Defendant's

2

agents. The agent responded to Mr. Farhi as follows: "That's what you said last year and here I have your report and your owe Dell Financial Services $109.00." The agent then raised her voice, called Mr. Farhi a liar, and then warned him that if he did not pay they would ruin his credit and "take further legal action."

8.    Unable to withstand the volume of calls and insults, Mr. Farhi obtained legal representation.

9.    Pentagroup Financial never took any legal action against Mr. Farhi and instead sent the collection account back to the creditor, Dell Financial Services.

## CAUSES OF ACTION

### COUNT I

10.    Plaintiff re-alleges paragraphs 1 through 9, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C. 1692d with regards to Plaintiff as follows: (1) Defendants engaged in excessive calls, the natural consequence of which was harass Plaintiff; and (2) Defendant harassed, oppressed, and or abused Plaintiff by calling him a liar.

### COUNT II

11.    Plaintiff re-alleges paragraphs 1 through 9, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C. 1692e with regards to Plaintiff as follows: (1) Defendant's threats to subject Plaintiff to "further legal action" and to "ruin Plaintiff's credit

were threats that Defendant could not legally take, did not intend to take, and were otherwise false representations or deceptive means made in an attempt to collect the alleged debt.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment against Defendant for recovery as follows:

## **COUNT I**

1.) For statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. 1692k(2);

2.) For actual damages of $2,155.00 for legal costs in responding to unlawful collection activity.

3.) For prejudgment interest in an amount to be proved at time of trial;

4.) For attorney's fees pursuant to 15 U.S.C. 1692(k)

5.) For the costs of this lawsuit; and

6.) For any other and further relief that the court considers proper.

## **COUNT II**

1.) For statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. 1692k(2);

2.) For actual damages of $2,155.00 for legal costs in responding to unlawful collection activity.

3.) For prejudgment interest in an amount to be proved at time of trial;

4.) For attorney's fees pursuant to 15 U.S.C. 1692(k)

5.) For the costs of this lawsuit; and

6.) For any other and further relief that the court considers proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Date: February 29, 2012

Robert Amador, Esq.
Attorney for Plaintiff David Farhi
9452 Telephone Rd. 156
Ventura, CA. 93004
(888)308-1119 ext. 11
R.Amador@centenniallawoffices.com

5